Joan JONES, Plaintiff,

v.

David RIVERS, et al., Defendants.

Civ. A. No. 86–2276.

United States District Court, District of Columbia.

Jan. 31, 1990.

Stephen C. Leckar, Cohen & White, Washington, D.C., for plaintiff.

Arthur D. Burger, Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

In a Memorandum Opinion (Opinion) filed July 26, 1989, 722 F.Supp. 771, this Court concluded that plaintiff Joan Jones had proved by a preponderance of the evidence at a trial on the merits that the District of Columbia and David Rivers, then Director of the District's Department of Human Services (DHS) had discriminated against her on the basis of sex in violation of Title VII, 42 U.S.C. §§ 2000e, and 42 U.S.C. § 1983, and had also retaliated against her under Title VII.[1] Entry of relief was deferred, however, with the hope that the parties would "explore the question of relief

among themselves, attempting to reach agreement consistent with the Court's findings and in a manner that would accommodate both plaintiff's rights and injuries as well as the District of Columbia's personnel and administrative requirements." Opinion at 781.

Despite a number of court hearings and chambers conferences,[2] the parties were unable to reach such an agreement. Having given the parties a full opportunity to resolve this matter and with no results forthcoming, the Court will no longer hold the remedy long overdue plaintiff. For the reasons set forth herein, the District of Columbia must pay the damages specified, refrain from future acts of discrimination and retaliation, and place her in the position that she would have attained had the discrimination not occurred and that comes closest to making her whole: Chief of the Office of Policy and Planning (OPP) in the District of Columbia Department of Human Services (DHS).

I

A. Money Damages and Equitable Relief.

1. Compensatory Damages. Plaintiff requests $15,000 in compensatory damages against the defendants under § 1983. Plaintiff's Pre-hearing Memorandum Concerning Relief, Nov. 13, 1989 (Pltf. Mem.), at 2; *id.* Exh. 1 at 17–18. At trial she sought only $10,395, an amount representing what she expended for psychological counseling for the effects of work-induced depression and post-traumatic stress, as well as an additional amount for mental distress. *See* Opinion at 781 & n. 10. While not challenging the propriety of a compensatory damages award, defendants ask that they be limited to the amount she requested at trial. Defendant's Memorandum of Points and Authorities Regarding Relief, Nov. 13, 1989 (Def. Mem.) at 14 n. 2.

---

1. The background of this case is set forth in the July 26, 1989, Opinion and will not be repeated here.

2. An initial hearing was held on September 26, 1989; a second settlement conference was held on October 19; a court hearing with testimony was held on November 21, 1989. Most recently,

the parties appeared before the Court on January 24, 1990, because of alleged impending changes in the structure and staffing of DHS. At this last hearing, defendants conceded they were planning to assign Joan Jones to the position of development zones coordinator on or about February 1, 1990.

As correctly pointed out by plaintiff, compensatory damages for therapy and emotional distress are appropriate in the § 1983 context, and within the Court's discretion. As of the conclusion of trial, plaintiff had proved the damages of $10,395 she then sought, and although plaintiff continues to receive therapy and incur further expenses, the figure demanded at trial is a fair and reasonable one, and is what would have been awarded had a relief order been given at the conclusion of trial or accompanied the Opinion issued subsequent to trial. Accordingly, she will be awarded $10,395 in compensatory damages.

2. Punitive Damages. Plaintiff also seeks $10,000 in punitive damages against David Rivers. Punitive damages may be awarded in § 1983 actions, and they can be an appropriate means of punishing discriminatory conduct and "deterring defendants from future racially discriminatory actions." *Brown v. Freedman Baking Co.*, 810 F.2d 6, 11 (1st Cir.1987). However, plaintiff here has not shown that defendant Rivers "acted in such an outrageous or wanton or oppressive manner in deliberate disregard for the rights of others," *id.*, to warrant punitive damages. While his discriminatory conduct was unquestionably deplorable, it was not such "reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983), as to call for the extreme monetary sanction demanded by plaintiff. The request for punitive damages is denied.

3. Equitable Relief. Plaintiff seeks both an injunction restraining defendants from further acts of discrimination on the basis of sex and retaliation, and an expungement of "all adverse material in her personnel files generated in supporting the position which the Court found to be pretextual." Pltf. Mem. at 2; *id.* Exh. 1 at 17. Injunctive relief is unquestionably appropriate under Title VII. *See, e.g., Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Moreover, a district court has the authority to grant injunctive relief even

after the unlawful practices have apparently ceased. *United States v. Gregory*, 871 F.2d 1239 (4th Cir.1989). Plaintiff's request will be granted and the District of Columbia will be enjoined from further discrimination against Joan Jones on the basis of sex and from any future acts of retaliation.

Plaintiff also asks the Court to direct defendants to purge plaintiff's official personnel file of "any adverse material generated in support of the pretextual position which defendants have been found to have proferred in this litigation." Pltf. Mem. at 2, Exh. 1 at 17. If such documents exist, it would be within the Court's discretion to expunge them. *Dual v. Griffin*, 446 F.Supp. 791, 803 (D.D.C. 1977). However, plaintiff has failed to specify which particular documents, if any, were generated in support of defendants' pretextual position. Without explicit references to adverse materials in specific documents, there is no basis for granting this relief. *See id.* at 803 n. 6. Accordingly, this request is denied.

B. Job Placement for Plaintiff.

Title VII mandates that the Court attempt to grant "the most complete relief possible." *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 764, 96 S.Ct. 1251, 1264, 47 L.Ed.2d 444 (1976). This entails making the victim whole by placing her, as near as may be, in the situation she would have occupied had the wrong not been committed. *Lander v. Lujan*, 888 F.2d 153, 156 (D.C.Cir.1989) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975)). A remedy to make the victim whole—a matter within the Court's discretion—includes reinstatement to the position she would have held but for the discrimination. *See* 42 U.S.C. § 2000e–5(g); *Lander*, 888 F.2d at 156.

Both parties developed proposed positions for plaintiff Jones, *see* Pltf. Mem., Def. Mem., but consensus was not even approached. Plaintiff proposed that a new position be created for her: Deputy Di-

rector of Special Services, at the level of DS–17/2. In essence, the position would entail serving the Director of DHS as a "high-level advisor for creative initiatives for a broad range of health and social services issues." Pltf. Mem. at 3. Defendants, "for settlement purposes only," offered plaintiff "the position of Special Assistant to the Director, (Developmental Zone Coordinator), which previously had been planned," at a DS–16 level, to implement a 1986 proposal to establish development zones east of the Anacostia River. Def. Mem. at 3.

Neither proposal is tenable. In the presence of another remedy, it is inappropriate to create an entirely new position, as the plaintiff would have it, and thereby interfere with the policymaking and personnel decisions that rightly belong to public servants. Furthermore, plaintiff has not shown to the Court's satisfaction that she would have reached the level of DS–17/2 had her promotional course not been diverted by the discrimination.

The District of Columbia's proposal is also unacceptable. This new (albeit planned-for) position has several flaws. To cite just one example, it would bring with it and its budget of approximately $100,000 the supervision of two employees: one analyst and one clerical staff person. *See* Transcript of Hearing of November 21, 1989 (Tr.), at 39–40. This stands in marked contrast to plaintiff's current position as Chief of the Office of Self–Sufficiency, where she has a staff of ten. More importantly, when she had been Acting Chief of the OPP, she had been responsible for approximately fifty staff persons. Carl Wilson, the person appointed Chief of OPP instead of plaintiff, *see* Opinion at 8, currently has thirty-eight staff persons and a total budget of about $2.2 million. Tr. at 44. Clearly, the District of Columbia's proposal does not begin to provide the management responsibility or authority plaintiff deserves, which she previously had and successfully handled for a lengthy time, which she would have had absent discrimination, and with which she can best serve DHS.

The Court therefore concludes that Ms. Jones must be promptly placed in the position of Chief of OPP, where she was Acting Chief for almost two years (January 1983 through early December 1984). *See* Opinion at 773. It cannot be overlooked that it was Rivers himself who gave her an excellent performance evaluation for a one-year period in which he observed her work. *See* Opinion at 9. This Circuit has held that "bumping," *i.e.*, reinstating an employee to the position to which she is entitled and thereby displacing an innocent incumbent, is an appropriate remedy in these circumstances. *Lander.* While neither party urged the bumping remedy, the fact remains that the position of Chief of OPP is the position to which Joan Jones is entitled and to which she would have gone, had the illegal discrimination not occurred. The District of Columbia has offered no other commensurate post, not only in terms of responsibility and pay, but also in terms of title and support staff. Accordingly, in order to be made whole, Ms. Jones must be given this position.

The characteristics of the position of Chief of OPP and the nature of the staffing at DHS further convince the Court of the appropriateness of bumping in this case. This action involves "a unique, top-level job, one for which no equivalent vacancy could be projected." *Lander*, 888 F.2d at 159 (R.B. Ginsburg, J., concurring). Defendants claimed that there are ten DS–16 positions in DHS, and that one might become available, but as explained in the Opinion, Ms. Jones' experience and background make the OPP position the best for her abilities and qualifications; no other current position can do. Furthermore, at the January 24, 1990 hearing, the parties acknowledged that there are *no* unencumbered positions available at the DS–16 level or above within DHS. *See also* Tr. at 29, 33. There is *no* next available promotion or vacancy that plaintiff could await, as in the "rightful place" approach to remedying illegal discrimination in employment. *See Lander*, 888 F.2d at 159.

It is, of course, highly unfortunate that an innocent person has to be hurt by this remedy, but as this circuit has noted, there

is nothing to indicate that the innocent beneficiary has a superior equitable claim to the job. *Lander*, 888 F.2d 157. No one disputes that Mr. Wilson has a weaker reliance interest in his current position than Ms. Jones.

Had there been an immediate order of relief, the Court would have proposed and does now order that plaintiff Joan Jones be placed in the position of Chief of the Office of Policy and Planning, DHS, at the level of DS–16/6.[3]

## II

Accordingly, it is hereby

ORDERED that defendants, David Rivers and the District of Columbia, jointly and severally, pay plaintiff $10,395 in compensatory damages, and a separate judgment is entered herein for that amount; it is

FURTHER ORDERED that defendants, their agents, attorneys, and all those acting in concert with them, are hereby permanently enjoined from any acts of discrimination against Joan Jones on the basis of sex, or any acts of retaliation against Joan Jones; it is

FURTHER ORDERED that defendants forthwith place plaintiff in the position of Chief of the Office of Policy and Planning in the District of Columbia Department of Health Services, at the pay level of DS–16/6, with accompanying backpay and benefits, equal to the difference between the pay/benefits plaintiff actually received and the pay/benefits plaintiff would have received absent the discriminatory treatment herein; it is

FURTHER ORDERED that the parties adhere to the following briefing schedule concerning attorneys' fees: On or before March 5, 1990, plaintiff shall submit her petition for attorneys' fees and costs; opposition from defendants shall be due on or before March 20; reply, if any, by March 26, 1990.

IT IS SO ORDERED.

---

**3.** This step-level was reached according to the following calculation: When Ms. Jones was Acting Chief of OPP, in December 1983, she was DS–16/2. With one step increase per year through 1985 and every two years thereafter, she would have been in DS–16/5 by the time of the issuance of the Opinion on July 26, 1989, and would have reached DS–16/6 by December 1989. *See* Def. Mem. at 4–5.